# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 21, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ALLA GOLDMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1523V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Kyle E. Pozza, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 12, 2021, Alla Goldman ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 104). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$83,562.75**.

I. **Procedural History**

On November 16, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a left shoulder injury related to vaccine administration as a result of receiving an influenza vaccination on October 23, 2015. *See* Petition (ECF No. 1). On November 2, 2020, I issued a ruling finding petitioner was entitled to compensation and on December 17, 2020, I issued my decision awarding damages. (ECF No. 100).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 12, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Richard Gage. in the total amount of $84,362.75.[3] Fees App. at 6. Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs of $75.00 related to her litigation. Fees App. at 77. Respondent reacted to the fees motion on May 17, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 105). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage, $318.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, and $362.00 per hour for work performed in 2021; for Ms. Kristen Blume, $350.00 per hour for work performed in 2020. These rates are consistent with what Mr. Gage and Ms. Blume have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. Additionally, I find that the requested rate for Mr. Gage's work in 2021 is reasonable and shall be awarded.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be mostly reasonable. However, I note that in my review I found that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same conferences/office meetings. This issue has

---

[3] This amount includes $72,501.11 in fees and costs payable to undersigned counsel and $11,786.64 in fees and costs payable to petitioner's former counsel at Muller Brazil, LLP.

previously been noted concerning work by Mr. Gage's firm. *See Fairchild v. Sec'y of Health & Human Servs.*, No., 2020 WL 2467078 (Fed. Cl. Spec. Mstr. Apr. 13, 2020). Upon review, a reasonable reduction for these hours is $800.00, which shall be reduced from the final award of fees to Mr. Gage.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). In this case, the requested costs are comprised of acquiring medical literature, postage, photocopies, travel for the entitlement hearing, and work performed by petitioner's life care planner. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED. Accordingly, I award the following:**

1) **a lump sum in the amount of $71,701.11, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Richard Gage;**

2) **a lump sum in the amount of $11,786.64, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Muller Brazil LLP; and**

3) **a lump sum in the amount of $75.00, representing reimbursement for Petitioner's costs, in the form a check payable to Petitioner.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).